### EGNER v. PARSHELSKY BROS., Inc.

### In re FOOTE.

(District Court, E. D. New York. June 13, 1918.)

BANKRUPTCY &ctwo;303(3)—PREFERENCE—KNOWLEDGE OF INSOLVENCY—EVIDENCE.

A defendant *held*, on conflicting evidence, to have had knowledge that a bankrupt was insolvent at the time it took back property previously sold to him, which rendered the transaction a preference.

In Equity. Suit by Henry Egner, trustee in bankruptcy of George P. Foote, against Parshelsky Bros., Incorporated. Decree for complainant.

&ctwo;For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Hastings & Gleason, of New York City, for plaintiff.
H. S. and C. G. Bachrach, of Brooklyn, N. Y., for defendant.

GARVIN, District Judge. This is an action in equity, brought by a trustee in bankruptcy to set aside a transfer of shingles and building material by George P. Foote, of whom plaintiff is trustee in bankruptcy, to Parshelsky Bros., a corporation, defendant.

No question of law is involved. The court must decide whether the defendant knew or had reasonable cause to believe that Foote was insolvent at the time that the transfer was made. If this question is determined in favor of the plaintiff, the court must determine from the evidence the value of the goods transferred. The plaintiff produced Isaac Parshelsky, an officer of the defendant, who testified, among other things, that he had taken back the goods with the consent of the bankrupt. James French, an employé of the expressman who took the goods to the railroad station, testified that there were over 400 bundles of shingles and some trim. The evidence indicates that $1 per bundle was the fair market value of the shingles. Parshelsky testified that other articles to the extent of $22 were also taken. The bankrupt, who was to some extent corroborated by his wife, testified that he stated to Parshelsky that he was going into bankruptcy before the petition was filed.

The defense called Isaac Parshelsky, who testified that Foote had never mentioned bankruptcy, and that he supposed he was perfectly solvent when he took back the articles in question; that he took them, indeed, at Foote's request. The defense offered also the testimony of one Blumenthal, an employé of the defendant. This testimony had been taken de bene esse.

I have concluded to give judgment in favor of the plaintiff. It is quite true that the defense offers the testimony of two witnesses who positively contradict the testimony given by plaintiff with respect to knowledge of insolvency. I observed carefully the various witnesses who appeared and their manner of giving their testimony.

Personal observation is sometimes of great assistance in determining whether or not a witness is telling the truth. There are some things that enter into the attitude of a witness as he testifies, and which have a pronounced bearing on the testimony he gives, which do not appear at all in the written transcript of the record of the proceedings.

The witness Foote impressed me as one who was telling the truth, and it is my conclusion that the defendant actually knew of the financial condition of the bankrupt at the time of the transfer.

A decree will be entered against the defendant, ordering and adjudging that the defendant deliver to the plaintiff the shingles and building material obtained from the bankrupt, and that in default of such delivery the defendant be ordered to pay to the plaintiff the value thereof, $422.